[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER (#101)
On August 26, 1993, the plaintiff, Federal Home Loan Mortgage Corporation, instituted a foreclosure action against the defendant, Claire E. O'Handley. On October 6, 1993, the defendant filed an application for protection from foreclosure pursuant to General Statutes49-31d through 49-31j. The defendant alleges that she is a homeowner, having owned and occupied the subject property as a principal residence for a period of not less than two years, that the mortgage sought to be foreclosed is a first mortgage, that no foreclosure action has been commenced against her within the past seven years, and that she is an underemployed person as defined by the statute.
Under General Statutes 49-31d, et seq., a qualified homeowner who is unemployed or underemployed, may apply to the court for protection from the foreclosure action and obtain, in the discretion of the court, a restructuring of the mortgage debt. An "underemployed person" is defined in the statute as "a person whose earned income during the twelve month period immediately preceding the commencement of the foreclosure action is (1) less than fifty thousand dollars and (2) less than seventy-five percent of his average annual income during the two years immediately preceding such twelve-month period." 49-31d(6). All homeowners making an CT Page 2136 application for relief shall file a financial affidavit.49-31f (b)(a) .
In the present case, the defendant has submitted a financial affidavit which avers to the following:
Yr 1 Aug. 26, 1990 to Aug. 26, 1991: Earned Income: $14,833.90
Yr 2 Aug. 26, 1991 to Aug. 26, 1992: Earned Income: $16,323.10
Yr 3 Aug. 26, 1992 to Aug. 26, 1993: Earned Income: $8,817.00
The defendant therefore concludes that her income for "year 3"
is less than 75% of her average annual income for the previous two years.
In her interrogatory responses, the defendant provides a breakdown of these annual totals which shows that in both "year 1" and "year 2" the defendant allegedly received $6,200.00 in room and board from her son and no such rental income in "year 3." However, the defendant's attached income tax returns for the years ending 1990 and 1991 do not reflect any rental income. According to the returns, the defendant's earned income for 1990 was $3,510.00 and for 1991 it was $9,040.00. Although the tax year does not begin and end in "August", it is clear that the totals in the defendant's financial affidavit do not conform with her tax returns.
The defendant has failed to prove that she is "underemployed" as defined in General Statutes 49-31d(6). Accordingly, her motion for protection from foreclosure is denied.
PICKETT, J. CT Page 2137
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 2137-Z